IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BARBARA H. ENGBERG,
      Plaintiff,

vs.                                  Case No.: 3:10cv64/RV/EMT

MICHAEL J. ASTRUE,
Commissioner of Social Security,
      Defendant.
_____/

## REPORT AND RECOMMENDATION

    This matter is before the court upon Plaintiff's amended "Application for Attorney Fee Under the Equal Access to Justice Act" ("EAJA") (doc. 30) and a response thereto filed by Defendant Michael J. Astrue (hereafter, "the Commissioner") (doc. 29).[1]  Plaintiff seeks an award of EAJA fees in the amount of $6,137.50 (doc. 30).  The Commissioner states that since the filing of Plaintiff's original motion, in which Plaintiff sought the same amount in EAJA fees (*see* doc. 26), the parties have agreed to an award of fees in the lesser amount of $5,750.00 (doc. 29).

●    <u>Eligibility for Award of Fees</u>

    The EAJA, 28 U.S.C. § 2412, allows for the award of attorney fees and other expenses against the government provided:  1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States; 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within thirty days of the final judgment in the action; 3) the position of the government is not substantially justified; and 4) no special circumstances make an award unjust.  The absence of any one of the above factors precludes an award of fees.  28 U.S.C. § 2412(d)(l)(A), (B).

----

[1] Plaintiff filed an amended application because she inadvertently failed to include a memorandum of law with her original application.  The substance of the original and amended applications, however, is the same; thus, the Commissioner's response to the original application also serves as his response to the amended application.

In Shalala v. Schaefer, 509 U.S. 292, 113 S. Ct. 2625, 124 L. Ed. 2d 239 (1993), the Supreme Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the "prevailing party" and as such was entitled to attorney fees and expenses under the EAJA.  In the instant case, the court reversed the decision of the Commissioner and remanded the case pursuant to sentence four of § 405(g) (*see* docs. 23, 24).  Moreover, Plaintiff's application for fees was timely filed, the Commissioner's position was not substantially justified, and the Commissioner agrees that fees should be paid in this case.  Accordingly, an award of fees is appropriate.

- Amount of Fees

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states:

> (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Plaintiff's attorney originally sought compensation for 49.1 hours of work performed at the statutory hourly rate of $125.00 ($6,137.50), but—as noted *supra*—the parties have since agreed to an award of fees in the lesser amount of $5,750.00.  Although the basis of the parties' agreement is unknown, it appears that the agreed-upon fee is based upon reduced hours, as opposed to a reduced hourly rate, since Plaintiff seeks compensation at the statutory hourly rate.  It thus appears that the parties' agreement reflects an award based on forty-six hours expended by counsel on Plaintiff's behalf (46 x 125 = 5750), which time expenditure the undersigned finds reasonable under the circumstances of this case.  Accordingly, an award in the amount of $5,750.00, as agreed upon by the parties, is appropriate.

- Whether Fee is Payable to Plaintiff or his Counsel

The remaining question concerns to whom the EAJA award is payable.  In Astrue v. Ratliff, 130 S. Ct. 2521 (2010), the Supreme Court resolved a split among certain Circuit Courts of Appeal and held that an award of "fees and other expenses" to a "prevailing party" under § 2412(d) is payable to the litigant, not to the litigant's attorney.  *See also* Reeves v. Astrue, 526 F.3d 732 (11th Cir. 2008) (same).  The Court further held that because the EAJA award was "payable to the litigant," the government could offset the claimant's debt against that award.  Ratliff, 130 S. Ct. at 2528–29.  Thus, the award in this case is properly payable to Plaintiff, as the "prevailing party," as Plaintiff's counsel apparently concedes (*see* doc. 30 at 3).

Accordingly, it respectfully **RECOMMENDED** that Plaintiff's "Application for Attorney Fee Under the Equal Access to Justice Act" (doc. 30) be **GRANTED** as follows:

> Plaintiff, Barbara Engberg, shall recover fees in the amount of $5,750.00, for time expended by her counsel in representing her before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 (EAJA).  The United States forthwith shall issue a check payable directly to Ms. Engberg.

At Pensacola, Florida, this 22nd day of December 2011.


/s/ Elizabeth M Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**<u>NOTICE TO THE PARTIES</u>**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**