IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BARBARA H. ENGBERG,
    Plaintiff,

vs.                                           Case No.: 3:10cv64/RV/EMT

MICHAEL J. ASTRUE,
Commissioner of Social Security,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

      This matter is before the court upon a Motion for Attorney Fees Under Title 42 U.S.C. § 406(b), filed by Plaintiff's counsel, Stacey Penn Clark (hereafter, "Petitioner") (doc. 44). Also before the court is a response to the motion, filed by Defendant Michael J. Astrue (hereafter, "the Commissioner"), in which the Commissioner states he has no objection to the motion (doc. 45).

I.     BACKGROUND

      On February 26, 2010, Petitioner initiated the instant action by filing a complaint for judicial review of the Commissioner's final decision denying Plaintiff's claim for benefits (doc. 1). On June 29, 2011, the undersigned issued a Report and Recommendation, recommending that the Commissioner's decision be reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) (doc. 23). On July 29, 2011, the district court entered an order adopting in full the Report and Recommendation (doc. 24).

      On October 27, 2011, Petitioner filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), which motion was granted, and Plaintiff was awarded EAJA fees in the amount of $5,750.00 (*see* docs. 30, 32, 33).[1]

      Following remand of Plaintiff's case, and pursuant to the district court's order, additional administrative proceedings were conducted, which ultimately resulted in a decision fully favorable to Plaintiff. More specifically, in a "Notice of Award" dated October 20, 2012, Plaintiff was

---

[1] Petitioner states that Plaintiff paid her the EAJA funds she received and that she (Petitioner) has held those funds in trust pending resolution of the instant matter (*see* doc. 44 at 10).

informed that she is entitled to disability benefits commencing in April 2005 (doc. 44, exh. A). The notice also indicates that Plaintiff was awarded a total of $55,069.73 in past due benefits (*id.*)

In the instant motion, Petitioner requests a § 406(b) fee in the amount of $13,767.43,[2] for 49.1 hours of work performed by Petitioner in connection with representing Plaintiff before this court.

II.   ANALYSIS

Attorneys handling Social Security proceedings may seek fees for their work under two different statutory provisions, the EAJA and 42 U.S.C. § 406. The EAJA allows for an award of attorney fees against the United States when the party seeking fees is the prevailing party in a civil action brought against the United States. 28 U.S.C. § 2412. Fees under the EAJA penalize the Commissioner for assuming an unjustified legal position and are paid out of Social Security Administration funds. McGraw v. Barnhart, 450 F.3d 493, 497 (10th Cir. 2006).

Title 42 U.S.C. § 406 allows for recovery of attorney's fees for representation of individuals claiming Social Security benefits, both at the administrative level and in court. "The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." Gisbrecht v. Barnhart, 535 U.S. 789 (2002). For representation of a benefits claimant at the administrative level, an attorney may file a fee agreement with the agency in advance of a ruling on the claim for benefits. Section 406(a). If the ruling on the benefits claim is favorable to the claimant, the agency will generally approve the fee agreement subject to a limitation that the fees may not exceed the lesser of 25% of past due benefits or $5,300.00. Gisbrecht, 535 U.S. at 795. For proceedings in court, when a judgment favorable to the benefits claimant is rendered, the court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of past due benefits to which the claimant is entitled by reason of such judgment." Section 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past due benefits." *Id.* Finally, although fees can be awarded under both the EAJA and § 406(b), Congress has precluded receipt of attorney fees for the same services provided under the EAJA and the Social Security Act. *See* § 406(b)(1)(A).

In Gisbrecht, the Supreme Court held that the provision of § 406(b) that limits attorney fees to 25% of past due benefits was designed to control, and not displace, contingency fee agreements that are within the statutory ceiling. Gisbrecht, 535 U.S. at 808–09. The Court concluded that

---

[2] The amount Petitioner seeks, $13,767.43, is 25% of Plaintiff's total award, which is consistent with the terms of a fee agreement between Petitioner and Plaintiff (*see* doc. 44, exh. B).

§ 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. Accordingly, within the "25 percent boundary" permitted by § 406(b), the "attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* The Gisbrecht Court did not specifically define the factors that lower courts should consider when determining the reasonableness of a § 406(b) fee. It did, however, note with approval the approach of courts that have reduced an attorney's recovery based on the character of the attorney's representation and the results the representation achieved. *Id.* at 808 (citing McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989)). For example, if an attorney is responsible for delay, a reduction may be in order to prevent the attorney from profiting from the accumulation of benefits during the case's pendency. *Id.* (citing Rodriguez v. Brown, 865 F.2d 739, 746 (6th Cir. 1989)). In addition, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.* (citing Rodriguez and Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)).

Cases decided since Gisbrecht have generally been deferential to the terms of contingent fee contracts, accepting de facto hourly rates that exceed those for non-contingent fee cases. *See, e.g.*, Joslyn v. Barnhart, 389 F. Supp. 2d 454 (W.D.N.Y. 2005) (awarding de facto hourly rate of $891); McPeak v. Barnhart, 388 F. Supp. 2d 742 (S.D.W. Va. 2005) (approving $681); Hearn v. Barnhart, 262 F. Supp. 2d 1033 (N.D. Cal. 2003) (approving $450); Coppett v. Barnhart, 242 F. Supp. 2d 1380 (S.D. Ga. 2002) (approving $350). Additionally, the undersigned notes that cases in the Northern District of Florida have resulted in similar awards. *See, e.g.*, Frye v. Astrue, 5:09cv258/RS/MD, 2012 WL 1530233 (N.D. Fla. Mar. 27, 2012), *Report and Recommendation adopted*, 5:09cv258/RS/MD, 2012 WL 1520276 (N.D. Fla. Apr. 30, 2012) (approving de facto hourly rate of $632.15 and citing other cases within the district approving $982 (in 2006) and $741.81 (in 2005)).

In the instant case, Petitioner states that the amount she seeks does not exceed the maximum recovery permitted under the terms of § 406(b) and is consistent with the terms of the fee agreement between Plaintiff and Petitioner. Moreover, Petitioner asserts, the amount she seeks to recover—that is, a de facto hourly rate of $280.40 ($13,767.43/49.1=280.40)—is reasonable, based on her expertise in this area of law, the lack of undue delay in prosecuting this action, the results she obtained for Plaintiff, and other factors (*see* doc. 44). The undersigned agrees that Petitioner's request is reasonable, especially considering that: (1) the Commissioner has no objection

whatsoever to the fees Petitioner has requested[3]; and (2) Plaintiff obtained a remand in this court only <u>after</u> Petitioner filed a 25-page memorandum in support of Plaintiff's complaint (doc. 18),[4] which remand ultimately resulted in a favorable result for Plaintiff and a sizable award.

III. CONCLUSION

The undersigned, after conducting an independent determination in accordance with <u>Gisbrecht</u>, 535 U.S. at 807, agrees with Petitioner and finds that the fee she seeks under Section 406(b) is reasonable—a finding that is bolstered by the Commissioner's lack of objection to the amount requested. The fee requested by Petitioner is indeed the fee contemplated in the fee agreement between Plaintiff and Petitioner and is in line with other reported post-<u>Gisbrecht</u> decisions. Moreover, there is no dispute as to whether the amount requested is within the statutory and contract-based maximum of 25% of past due benefits. Furthermore, there is no allegation of undue delay by Petitioner, and she has represented Plaintiff for some time, during which she assumed a risk that she would recover no fee for her services. Additionally, the court cannot fault the character of the representation provided by Petitioner in this case, which ultimately led to a favorable disability determination by the Commissioner and resulted in a sizable benefits award to Plaintiff. In short, the court is persuaded that Petitioner has met her burden of showing that her request for $13,767.43 in attorney's fees is reasonable. Therefore, Petitioner should be awarded $13,767.43 pursuant to Section 406(b), and the previously awarded EAJA fee in the amount of $5,750.00 should be refunded to Plaintiff.[5]

Accordingly, it is respectfully **RECOMMENDED**:

1. That the Motion for Attorney Fees Under Title 42 U.S.C. § 406(b) (doc. 44) be **GRANTED**.

---

[3] The Commissioner specifically states he has "no objection to the reasonableness of the fee requested by [Petitioner] and agrees [she] should be awarded . . . $13,767.43 . . . ." (doc. 45 at 4).

[4] As this court is well aware, in some instances the Commissioner files a motion for remand prior to the filing of a memorandum in support of a plaintiff's complaint, and when a plaintiff prevails after remand in those circumstances, the plaintiff's attorney generally seeks a 406(b) fee that is 25% of his or her client's award, even though the attorney performed far less work on the plaintiff's behalf than Petitioner did in this case.

[5] Petitioner states she has recently received an additional payment from the Social Security Administration in connection with this case in the amount of $5,214.00, which she is holding in trust (doc. 44 at 2 & n.2). It is unclear why this amount was submitted to Petitioner, as it is less than 25% of Plaintiff's past due award. Regardless, Petitioner states she will also refund this amount to Plaintiff upon receipt of the full §406(b) award. Petitioner should do so, unless the Commissioner deducts the recently-submitted amount from the forthcoming §406(b) award and awards only $8,553.43, the balance (i.e., 13,767.43-5214.00 = 8,553.43), in which case Petitioner may keep the total of the recent payments (i.e., 5,214 + 8,553.43 = 13,767.43) and refund to Petitioner only the previously awarded EAJA fee in the amount of $5,750.00.

Case No.: 3:10cv64/RV/EMT

2. That Plaintiff's counsel, Stacey Penn Clark, be awarded attorney's fees in the total amount of $13,767.43, which shall be paid out of Plaintiff's past due benefits.

3. That upon receipt of attorney's fees pursuant to 42 U.S.C. § 406:

(a) in the amount of $13,767.43, Plaintiff's counsel, Stacey Penn Clark, shall immediately refund to Plaintiff the previously awarded EAJA fee in the amount of $5,750.00 and the previously awarded sum of $5,214.00; or

(b) in the amount of $8,553.43, Plaintiff's counsel, Stacey Penn Clark, shall immediately refund to Plaintiff the previously awarded EAJA fee in the amount of $5,750.00.

At Pensacola, Florida, this 13th day of December 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**